70 F.3d 116
 1995-2 Trade Cases P 71,211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SPORTSWEAR DESIGN, INC., Plaintiff-Appellant, Cross-Appellee.
v.
CANSTAR SPORTS USA, INC., Defendant-Appellee Cross-Appellant,
and
Bob Reid, an Individual, Defendant-Appellee.
 Nos. 93-2242, 93-2294.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1995.
 
 Before: KENNEDY and MOORE, Circuit Judges; and POTTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Sportswear Design, Inc. ("Sportswear") appeals the order of the District Court granting summary judgment in favor of defendants Canstar Sports USA, Inc. ("Canstar"), Bob Reid ("Reid") and Cooper of Canada, Ltd. ("Cooper") on antitrust claims and certain contract claims. Defendant Canstar appeals the dismissal without prejudice of Sportswear's defamation claim and breach of warranty claim and appeals the District Court's denial of summary judgment on its account stated counterclaim. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND to the District Court.[1]
 
 I.
 
 2
 Defendant Canstar is a distributor for Canstar Sports, Inc., a Canadian public company that manufactures and distributes major brands of hockey equipment. In 1981, Canstar hired Defendant Reid as a sales representative of several product lines for Michigan and Ohio.
 
 
 3
 Plaintiff Sportswear began as a retailer of hockey equipment in the early 1980's. In 1985, Canstar approved a $4,000 credit line for Canstar's Micron skates to Sportswear. Within three months, Sportswear was delinquent on its debt. Problems continued through the year and Sportswear's line of credit was reduced. By March 10, 1987, Sportswear was delinquent in the amount of $4,778.
 
 
 4
 In early March of 1987, Canstar and Sportswear tried to negotiate a payment plan but Canstar would not accept Sportswear's condition that Canstar open an account for Sportswear to carry Canstar's Bauer line of skates. On March 17, 1987, Sportswear asserted for the first time that Canstar breached a contract by refusing to honor warranties on Micron skates for which payment had come due in January. Canstar made several unsuccessful attempts to negotiate a settlement of the dispute, but ultimately suspended further dealing with Sportswear. In 1990, when Canstar purchased the assets of Cooper and discovered that Sportswear was a Cooper customer, Canstar chose not to sell Sportswear any Cooper products.
 
 
 5
 In November of 1990, Sportswear filed a nine-count complaint alleging antitrust, contract, and business tort claims against Canstar, Cooper, and sales representative Bob Reid. The District Court granted summary judgment to the defendants on the antitrust claims and on all but one of the breach of contract claims, which, together with a defamation claim, the District Court dismissed without prejudice.
 
 II.
 
 6
 We affirm the District Court's grant of summary judgment in favor of the defendants on the antitrust claims under the Sherman Act, 15 U.S.C. Sec. 1 et seq., the Clayton Act, 15 U.S.C. Sec. 13 et seq., and under Michigan antitrust law, M.C.L.A. Sec. 445.771 et seq..[2] A motion for summary judgment must be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, F.R.C.P. 56(c), with all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 7
 To establish an antitrust violation, a plaintiff must show a contract, combination or conspiracy that affects interstate commerce and unreasonably restrains trade. Lie v. St. Joseph Hosp. of Mount Clemens, Mich., 964 F.2d 567, 568 (6th Cir.1992). To show an unreasonable restraint of trade, a plaintiff must show that the conspiracy has the potential to produce adverse anti-competitive effects within relevant product and geographic markets. This may be shown through proof of a per se antitrust violation, where proof of certain actions by defendants is sufficient to establish a violation, or through a rule of reason analysis, where, in addition to proving actions by defendants, plaintiff must offer sufficient evidence for a trier of fact to be able to conclude that the actions had an unreasonably anti-competitive effect. See e.g., Northwest Wholesale Stationers, Inc. v. Pacific Stationery & Printing Co., 472 U.S. 284, 296-97 (1985).
 
 
 8
 Sportswear claims that Canstar's refusal to do business with it was not, as Canstar alleges, on account of Sportswear's poor credit history but because Sportswear was a discounter. Even if this were so, and the record does not support such a theory, the actions allegedly taken by Canstar would not constitute a per se antitrust violation. Business Elec. Corp. v. Sharp Elec. Corp., 485 U.S. 717, 726-27 (1987). Therefore the rule of reason standard applies. Plaintiff failed to allege facts sufficient for a trier of fact to conclude that the actions had any anti-competitive effect. In fact, plaintiff's own officer conceded that the market was "very competitive."
 
 
 9
 Sportswear further claims that defendants conspired with several Detroit area retailers in a horizontal price-fixing scheme to keep prices above a minimum level. Horizontal price-fixing is a per se antitrust violation. At most in this case, however, Sportswear has shown merely that several businesses would not deal with it. Plaintiff must prove more than parallel business behavior to defeat a motion for summary judgment. Plaintiff "must come forward with significant probative evidence supporting its theory that the defendants engaged in (1) conscious parallel action, (2) which is contrary to their economic self-interest so as not to amount to a good faith business judgment." Amey, Inc. v. Gulf Abstract & Title Inc., 758 F.2d 1486 (5th Cir.1985), cert. denied, 475 U.S. 1107 (1986). Although Sportswear has made general allegations of horizontal price-fixing, it has failed to offer significant probative evidence to suggest that decisions made by defendants were not the result of good faith business judgments. Summary judgment on this issue was thus appropriate.
 
 
 10
 Finally, Sportswear argues that defendant engaged in vertical non-price restraint by trying to control and enforce the final destination of its products. Such actions are not per se antitrust violations; the rule of reason standard is applied. Continental T.V., Inc. v. GTE Sylvania, Inc., 433 U.S. 36, 58-59 (1977). As stated above, plaintiff has failed to establish facts from which a trier of fact could conclude that Canstar's actions were unreasonably restrictive of competitive conditions. Therefore, as a matter of law, defendants' actions with regard to this accusation do not constitute antitrust violations. The District Court properly dismissed the antitrust claims.
 
 III.
 
 11
 The District Court denied summary judgment for Canstar with regard to the Sportswear's breach of contract and defamation claims as well as Canstar's state law counterclaim for account stated. While we review a grant of summary judgment under a de novo standard, appellate review of a denial of summary judgment is governed by an abuse of discretion standard. Pinney Dock & Transp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988); Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993).
 
 A. The Defamation Claim
 
 12
 The District Court dismissed Sportswear's defamation claim in order to allow plaintiff additional time to amend its complaint with respect to that claim. Plaintiff, however, had already been granted leave to amend but failed to do so satisfactorily. Nor has it indicated what amendment would be forthcoming. In its reply brief, plaintiff points to four affidavits in support of its defamation claim. Appellant's Reply Brief at 48. Taken as true, nothing in the affidavits constitutes competent evidence of defamation.[3] Thus, given ample opportunity of lengthy discovery, plaintiff failed to point to a genuine issue of material fact and defendants are entitled to judgment as a matter of law. We therefore find the District Court to have abused its discretion by denying summary judgment to the defendants and remand for summary judgment for the defendant on the defamation claim. See Foman v. Davis, 371 U.S. 178, 182 (1962) (discussing when a grant of leave to amend is inappropriate).
 
 B. The Warranty Claim
 
 13
 Undisputed facts establish that in August of 1986 Sportswear submitted purchase orders to Canstar for Micron product which Canstar then delivered. According to Sportswear officer Bekkala's own deposition testimony, the product was sold "as is." Because the defendant offered evidence of the plaintiff conceding that the purchase of fitting stock was "as is," and plaintiff pointed to nothing specific to show otherwise, the District Court erred in not granting summary judgment to the defendant on the breach of warranty claim.
 
 
 14
 The District Court appears to have concluded erroneously that notes allegedly taken by a Sportswear officer created a genuine issue of material fact on the warranty claim. The note simply said, "Understanding of no return at any point unless warranty is involved." This is not proof of the existence of a warranty. Furthermore, our own independent review of the record uncovered no competent evidence of warranty. Therefore, we find that the District Court abused its discretion with regard to plaintiff's warranty claim and defendant is entitled to judgment as a matter of law.
 
 C. The Account Stated Counterclaim
 
 15
 Canstar filed a counterclaim for an action for account stated under Michigan law, MCL 600.2145, MSA 27A.2145, because of Sportswear's account delinquency. Undisputed facts establish that Canstar delivered product to Sportswear pursuant to a Sportswear purchase order and that Sportswear never paid for the product. In fact, Sportswear had agreed to a payment plan to extinguish the debt and had gone so far as to prepare a check for the first installment but never sent it on advice of counsel.
 
 
 16
 The District Court found a genuine issue with regard to the warranty claim and thus never reached Canstar's counterclaim. But, as discussed above, Sportswear has failed to show a genuine issue of material fact on the warranty issue--the product was sold "as is"--therefore, Sportswear cannot argue that a breach of warranty excused its failure to settle its account. Thus, defendant has provided unrebutted evidence of an account stated and is entitled to judgment as a matter of law. See Roberts Consol. Indus., Inc. v. Superior Carpet Supply, Inc., No. 91-CV-73128-DT, 1992 WL 350617 (E.D.Mich. Sept. 28, 1992).
 
 IV.
 
 17
 For the reasons stated, we AFFIRM in part, REVERSE in part, and REMAND to the District Court for dismissal of the warranty and defamation claims with prejudice, for entry of judgment on the counterclaim, and for vacation of the judgment of dismissal on the complaint as to Cooper of Canada, Ltd. as to which a default judgment has already been entered.
 
 
 
 *
 Honorable John W. Potter, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In light of the fact that defendant Cooper of Canada, Ltd. had a default judgment entered against it, J.A. at 4 (docket entry 8/5/91), the grant of summary judgment in its favor, J.A. at 67, would seem to have been an oversight. Therefore, summary judgment for Cooper must be vacated
 
 
 [2]
 All three claims collapse into one for the purposes of summary judgment in this case. Under the facts presented, there can be no liability under the Clayton Act if the Sherman Act has not been violated, and Michigan law explicitly tracks federal antitrust law. M.C.L.A. Sec. 445.784(2)
 
 
 [3]
 Two of the affidavits consist of sworn statements of Sportswear officers, Gale and Bekkala, who attest to having been told by fellow retailers that they could not sell any Canstar products to Sportswear and two affidavits of Joseph Domenick, an employee at another sporting goods store, are to the same effect. This testimony, if true, does not allege the making of any false statement and thus cannot be considered as evidence of defamation